Case 2:12-cv-07484-KM-MAH Document 10 Filed 01/02/14 Page 1 of 13 PageID: 209

**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRIFFIN PERO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　　　　　　Defendant. | Civ. No. 12-CV-07484 (KM)<br><br>**O P I N I O N** |

*Appearances by:*

LAW OFFICES OF BERND HEFELE
　Bernd E. Hefele, Esq.
　111 Howard Blvd.
　Mt. Arlington, NJ 07856

　Diane L. Medcraft, Esq.
　21 Bowling Green Parkway
　Lake Hopatcong, NJ 07849

　　*Attorneys for Plaintiff,*

JACKSON LEWIS LLP
John M. Nolan, Esq.
Janet O. Lee, Esq.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960

　　*Attorneys for Defendant.*

**DEBEVOISE, Senior District Judge**

　　　This case arises out of the alleged wrongful withholding of certain payments due by an employer, Defendant International Business Machines Corporation ("IBM" or "Defendant") to

its former employee, Plaintiff Griffin Pero. The matter comes before the Court on IBM's motion to dismiss all counts of the underlying complaint with prejudice and without leave to amend. For the following reasons, the motion to dismiss is granted, without prejudice.

## I. BACKGROUND

IBM is a technology and consulting corporation that manufactures computer hardware and software and offers infrastructure, hosting, and consulting services in various technological arenas. Mr. Pero was employed by IBM as a software sales specialist and received compensation in the form of a regular salary and benefits plus discretionary incentive payments, or commissions.

The factual "general allegations" laid out in the Complaint are brief and provide in full:

> 3. In 2006 Plaintiff was employed at IBM as a sales representative. Based on IBM's improper course of conduct towards Plaintiff, Plaintiff resigned his position in 2012.
> 4. As a sales representative, Plaintiff received commissions based on the sales quotas assigned to him/her by IBM as well as his percentage of "attainment" (ie. His performance in relation to his sales quota). If a sales representative exceeded his/her sales quota for a given period, his/her commission was greater based on that excess amount. This was known to the IBM sales community as an "Accelerator"
> 5. in [sic] 2006, Plaintiff's sales commissions were improperly reduced by $300,000.00 due to an erroneous increase by IBM in Plaintiff's sales quota in 2007.
> 6. Although Plaintiff contacted IBM numerous times requesting a refund of the commission reduction, IBM refused to do so.
> 7. In 2010, IBM improperly diverted one million dollars ($1,000,000.00) of Plaintiff's sales revenues in the Information Management brand at Plaintiff's account Cablevision to another software brand that was not Plaintiff's. This erroneous diversion cost Plaintiff $50,000.00 in lost commissions.
> 8. In 2010, Plaintiff uncovered a license compliance issue with one of IBM's customers, Nielson EDI, costing IBM millions of dollars in lost license revenues. IBM eventually settled the issue with the customer with the understanding that Plaintiff would retain the Nielsen companies as an account and be entitled to commission revenues based on all their activities,

2

> including the revenues from the company known as Netezza for the next year.
> 9. Subsequently, IBM refused to provide Plaintiff with those additional commission revenues in the amount of approximately $874,000.00.

(Compl. at 2-3.)

The Complaint sets forth seven counts: breach of fiduciary duty (count one), fraudulent concealment by fiduciary (count two), breach of the covenant of good faith and fair dealing (count three), legal fraud (count four), equitable fraud (count five), unjust enrichment (count six), and breach of contract (count seven). The action commenced on October 24, 2012 in the Superior Court of New Jersey, Law Division, Sussex County. The case was removed to federal court on December 6, 2012.

Defendant now moves to dismiss the Complaint in full for failure to plead facts sufficient to support any of the causes of action. Defendant argues that no fiduciary relationship exists between the employer and employee here as a matter of law, and that the Complaint fails to establish the terms of a purported express or implied contract. Because there is no enforceable contract here, Defendant argues that the action should be dismissed without leave to amend.

## II. DISCUSSION

### a. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To the extent that claims sound in fraud or misrepresentation, they "must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b).

A motion to dismiss is reviewed pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief can be

3

granted. In considering a motion to dismiss, the Court must look to the face of the complaint and decide, taking all of the allegations of the fact as true and construing them in a light most favorable to the plaintiff, whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Only the allegations in the Complaint, matters of public record, orders, and exhibits attached to the Complaint are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F. 2d 808, 812 (3d Cir. 1990). A district court deciding a motion to dismiss generally does not consider material beyond the pleadings. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Industries, 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994). Typically, when a court does rely on matters outside of the pleadings, it must convert the motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and provide all parties with a reasonable opportunity to present all material pertinent to the motion. See Fed. R. Civ. P. 12(d). This rule allows the plaintiff an opportunity to respond to any extraneous documents that the court considers. Pension Benefit, 998 F.2d at 1196. An exception to the general rule exists, however, so that a court may consider extraneous documents to which a plaintiff refers in the complaint or on which he claims in the complaint were based without converting the motion to dismiss into one for summary judgment. Burlington Coat Factory, 114 F.3d at 1426; Pension Benefit, 998 F.2d at 1196. The rationale behind the exception is that, when a complaint refers to or relies on the document, "the plaintiff obviously is on notice

4

of the contents of the document, and the need for a chance to refute evidence in greatly diminished." Pension Benefit, 998 F.2d 1192 at 1196-97.

Here, IBM, in good faith, attached to its moving brief the terms of "Incentive Plan Letters" ("IPLs") covering IBM's commission plan for 2006 and 2010, which includes an express disclaimer that "[t]he Plan does not constitute an express or implied contract or a promise by IBM to make any distributions under it." (MTD Br. at 14.) IBM originally argued that the IPLs may be properly considered because Mr. Pero "expressly refers to an agreement with regard to his employment compensation." (MTD Br. at 14, n. 8.) In his opposition brief, Mr. Pero argues that he did not expressly refer to the IPLs as the agreement at issue, and accordingly the IPLs "should not be considered the controlling agreement in this matter." (Opp. Br. at 15.) As discussed further below, however, although Mr. Pero disavows basing his claims on the terms of the IPLs, he has not supplemented the pleadings to indicate the origin, content, or form of alternate terms on which he alleges his claims are based. Nonetheless, because Mr. Pero did not expressly refer to the IPLs in the complaint and apparently does not base his claims on the terms of the IPLs, the Court will not take the IPLs into consideration at this turn. See e.g., Burlington Coat Factory, 114 F.3d at 1426, supra.[1]

---

[1] The Court notes that other jurisdictions have considered nearly identical terms set forth in IBM's IPLs in other cases, and have concluded based on the circumstances therein that the express disclaimer defeats breach of contract claims for failure to pay. See Kavitz v. International Business Machines, Corp., 458 Fed. Appx. 18 (2d Cir. January 11, 2012); Geras v. International Business Machines Corporation, 2011 U.S. App. LEXIS 7886 (10th Cir., April 18, 2011); Jensen v. International Business Machines Corp., 454 F.3d 382 (4th Cir. 2006); Gilmour v. International Business Machines Corporation, et al., 2009 U.S. Dist. LEXIS 127142 (C.D.Ca., December 16, 2009); Rudolph v. International Business Machines Corp., 2009 U.S. Dist. LEXIS 75261 (N.D.Ill., August 21, 2009).

Mr. Pero is obligated to "prove the 'grounds' of his entitle[ment] to relief," which requires more than "labels and conclusions," but he is not required to lay out "detailed factual allegations," Twombly, 550 U.S. at 555 (internal reference omitted), except to the extent required here by Fed. R. Civ. P. 9(b) in the case of misrepresentation and fraud. A complaint must contain facially plausible claims, that is, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556. This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (internal citation omitted). The Court's inquiry, however, "is not whether the plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

When a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend and reassert that claim is ordinarily granted. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A claim may be dismissed with prejudice, however, if amending the complaint would be futile. Id. "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**b. Analysis**

**1. Fiduciary-Related Claims**

The Complaint sets forth two claims with respect to the existence of a fiduciary relationship: breach of fiduciary duty (count one), and fraudulent concealment by fiduciary (count two). The Complaint alleges that IBM was in a position of "trust and confidence" and

6

had a "fiduciary duty" to Mr. Pero to provide him with appropriate commissions. (Compl. at 4.) Coextensively, "IBM intentionally concealed and/or failed to disclose known material facts to Plaintiff regarding Plaintiff's commission revenues and the amounts to be received. Plaintiff relied upon IBM to his detriment and damage." (Id. at 5.) IBM argues that Mr. Pero "has failed to plead any facts that demonstrate IBM's commission payments to Pero were, in fact, inappropriate, or that any increase to Plaintiff's sales quota were actually improper. Similarly, regarding the 'fraudulent concealment by fiduciary' claim (count two), Plaintiff has not articulated what 'material facts' IBM 'intentionally concealed and or failed to disclose.'" (MTD Br. at 9-10.) Indeed, a fraudulent concealment claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires the party to state with particularity the circumstances constituting fraud or mistake. "Rule 9(b) essentially requires plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud." Weske v Samsung Elecs. Am., Inc., 2012 U.S. Dist. LEXIS 32289 *16 (D.N.J., Mar. 12, 2012) (relying on In re Burlington, 114 F.3d at 1423).

Under New Jersey law, a fiduciary relationship exists when one party is "under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." F.G. v. MacDonell, 150 N.J. 550, 563 (1997) (citing Restatement (Second) of Torts, §874 (1979)). The basis of a fiduciary relationship is that one party places trust and confidence in a dominant or superior party to act in the first party's best interest. Id.

Here, Mr. Pero has failed to direct the Court to a single case in which an employer owes a fiduciary duty to pay wages or commissions to its employees. See also Snyder v. Dietz & Watson, 837 F. Supp. 2d 428, 444 (D.N.J. 2011) ("The Court is aware of no case that generally imposes on an employer a fiduciary duty to its employees."); Daley v. Community Medical

7

Center, Inc., and St. Barnabas Medical Center, Inc., 2006 U.S. Dist. LEXIS 89581 at *28 (D.N.J. December 12, 2006) ("The Court knows of no case, and Plaintiffs' Counsel at oral argument could cite no case, which stands for the proposition that employers owe employees a fiduciary duty."). Moreover, "[w]hen one person undertakes to act for another in a fiduciary relationship, the fiduciary must have undivided loyalty to the client, it may not act in any manner adverse or contrary to the client's interests, and it is forbidden from acting for its own benefit in relation to the subject matter of their relationship." Big M, Inc., v. Dryden Advisory Group, 2009 U.S. Dist. LEXIS 55423 (D.N.J. June 29, 2009).

Here, IBM was under no duty with Mr. Pero to act on his behalf or give him beneficial advice. Indeed, IBM does not owe Mr. Pero an undivided loyalty, as IBM inherently has its own benefits at stake. Thus, the fiduciary duty claims, count one and two, are dismissed, with prejudice, as a matter of law.

### 2. Contract-related Claims

The Complaint sets forth two claims based on breach of contract. First, Mr. Pero alleges that IBM breached the covenant of good faith and fair dealing (count three) because he "was entitled to compensation for his work," and "IBM failed to act in good faith and deal fairly with Plaintiff in compensating him appropriately." (Compl. at 6.) Second, in count seven, Mr. Pero contends that a breach of contract occurred because "[w]hile Plaintiff was employed at IBM an *agreement* existed between himself and IBM regarding his employment compensation. IBM failed to abide by the parties [sic] agreement. As a result of IBM's actions, Plaintiff has suffered irreparable loss and consequential damages." (Compl. at 9-10) (emphasis added.)

The main issue here is that Mr. Pero fails to provide the basis for his breach of contract theories. Simply put, he provides no factual basis to establish the existence of an agreement. No

8

terms have been presented to demonstrate a manifest intention to be bound. See Weichert Co. Realtors v. Ryan and Saunders, 128 N.J. 427, 435 (1992). Mr. Pero fails to indicate what agreement was entered into which IBM allegedly breached. Mr. Pero also fails to indicate whether the alleged agreement at issue is a written document, an implied contract, or an oral statement, although he includes legal arguments for all three in his opposition brief. (Opp. Br. at 15-16.) A Complaint must contain facially plausible claims, meaning that the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, supra, 550 U.S. at 556. Mr. Pero has failed to plead the factual basis for his claims, and therefore his breach of contract claim, count seven, must be dismissed. Count three for breach of the covenant of good faith and fair dealing is similarly dismissed, for no such claim exists in the absence of a contract. See Metro. Foods, Inc. v. Kelsch, 2012 U.S. Dist. LEXIS 19379 at *21 (D.N.J. Feb. 14, 2012).

### 3. Fraud-Related Claims

The Complaint sets forth two fraud-related claims: legal fraud (count four), and equitable fraud (count five). The Complaint provides that "IBM made material misrepresentations to Plaintiff regarding his revenue compensation. Plaintiff performed his job relying on IBM's representations and promises. At the time those representations were made, IBM had knowledge of the falsity of such representations. Plaintiff to his detriment relied upon IBM's representations and invested substantial amounts of time and effort in the performance of his job duties. As a result of IBM's representations, Plaintiff has been damaged." (Compl. at 7.) Additionally, the Complaint submits that the "misrepresentations were all negligently made." (Compl. at 8.)

9

As indicated above, to the extent that claims sound in fraud or misrepresentation, they "must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). "[A] plaintiff can meet this heightened pleading standard by alleging the identity of the person who made the alleged misrepresentation, the general content of the misrepresentation, along with the date, place, and time the representation was made." Bintliff-Ritchie v. Am. Reinsurance Co., 2007 U.S. Dist. LEXIS 10469 at *15-16 (D.N.J. Feb. 15, 2007) (citing Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004)).

Mr. Pero barely defends IBM's contentions and simply argues that "the complaint clearly sets forth facts which would place defendant on notice regarding the misconduct which occurred." (Opp. Br. at 18.) Mr. Pero has failed to plead the circumstances of the fraud with any semblance of particularity. He has failed to offer the identity of the individual proffering the purported statements, the content of the statements, or the day, place, and time of them. Accordingly, counts four and five are dismissed.

### 4. Unjust Enrichment Claim

Similarly, count six for unjust enrichment must be dismissed. "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1995). The Complaint sets forth that "IBM retained and failed to pay to Plaintiff rightfully earned sales commissions. IBM was not entitled to retain those commissions. IBM has therefore been unjustly enriched." (Compl. at 9.) However, IBM contends that the Complaint "conspicuously lacks a description of the benefits he contends he conferred [upon IBM]." (MTD Br. at 22.) Mr. Pero retorts that "[t]he very nature of Mr. Pero's employment was to bring in sales income for defendant's benefit. By improperly denying Mr. Pero's compensation to which

10

he was entitled and had been promised, without question defendant unjustly enriched itself." (Opp. Br. at 19.)

In light of the above, Mr. Pero's remaining claim for unjust enrichment must also be dismissed because he has failed to establish his entitlement to the purported benefit conferred.

### 5. Request for Leave to Amend

Throughout the opposition brief, Mr. Pero requests that the Court grant leave to amend the Complaint should the Court find the facts insufficiently pled. IBM urges the Court to refuse the request, and directs the Court's attention to the holding reached in Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006).

In Ranke, former employees raised a breach of fiduciary duty claim pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) regarding their receipt of pension benefits. The lower court dismissed the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because the claim was time-barred. Of relevance here, the appeals court found that the lower court did not abuse its discretion in refusing to grant leave to amend the complaint. Similar to the circumstance here, the appellants did not provide the court with a formal motion for leave to amend or a proposed amended complaint containing additional allegations that would allow the amended complaint to withstand dismissal under Rule 12(b)(6). See id. Also similar to the circumstances here, Ranke noted the conclusory nature of the appellants' request. The appellants simply urged the Court that "[t]o the extent that plaintiffs may develop evidence of fraud that is not alleged in the Complaint, they would seek leave to amend their Complaint as appropriate. To the extent that this Court may determine that the existing allegations of misrepresentation are not pled sufficiently specifically, plaintiffs respectfully submit that dismissal is inappropriate, and rather that they should be permitted leave

to file a more definite statement pursuant to Fed. R. Civ. P. 12(e)." Id. The Court of Appeals for the Third Circuit noted that "[i]f appellants had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance. They failed to do so." Id. Thus, the appeals court found that the lower court did not abuse its discretion in not granting appellants leave to file an amended complaint.

Federal Rule of Civil Procedure 15(a) provides the operative language. A party may amend its pleading once as a matter of course on the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, when a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend and reassert that claim is ordinarily granted. In re Burlington, 114 F.3d at 1434. A claim may be dismissed with prejudice, however, if amending the complaint would be futile. Id. "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

Mr. Pero asserts a general course of conduct by which commissions were provided to IBM sales representatives. Mr. Pero believed that his commissions were erroneously reduced in 2006 and contacted IBM to no avail. Again in 2010, an incident purportedly occurred regarding diversion of sales revenues into a different account which was not owned by Mr. Pero, costing him lost commissions. Another incident allegedly took place in 2010 regarding an understanding that Mr. Pero would retain a certain account and be entitled to commission stemming therefrom; however that commission was not provided.

The Court grants Mr. Pero leave to amend certain claims because such amendment may provide a legally-cognizable claim. Leave is not granted with respect to the fiduciary-related

12

claims, for they are dismissed above as a matter of law. Mr. Pero may amend his contract-related claims, as he essentially argues that he was misled into performing at the workplace based on an expectation to receive commissions, but that IBM reneged on the commitment. Whether this claim will be successful based on the existence of an express contract or *quantum meruit* is yet to be seen. However leave to amend shall be granted for lack of futility. The claims based on fraud and unjust enrichment may by amended for the same reason.

### III. CONCLUSION

For the foregoing reasons, IBM's motion to dismiss the Complaint is GRANTED. The claims related to fiduciary duty, counts one and two, are dismissed with prejudice as a matter of law. The remaining claims are dismissed without prejudice: the breach of contract claims (counts three and seven), the fraud claims (counts four and five), and the unjust enrichment claim (count six). Leave to amend shall be granted with respect to the claims dismissed without prejudice.

The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE, U.S.S.D.J.**

Dated: January 2, 2014